UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**UNITED STATES OF AMERICA**

v.  405CR018
 407CV153

**GLENN MCCLOUD**

## ORDER

In 2005, this Court sentenced defendant Glenn McCloud to 240 months following his plea of guilt to violating 21 U.S.C. § 841 ("Distribution of cocaine"). 405CR018, doc. # 5 at 1-2. McCloud then unsuccessfully appealed this Court's sentencing rulings. Doc. # 7 (Notice of Appeal (NOA); # 27 at 7 ("we affirm McCloud' s sentence").

Later, he moved this Court for 28 U.S.C. § 2255 relief. Doc. # 30. In a comprehensive Report and Recommendation (R&R) following an evidentiary hearing where attorney Joel Williams appeared (per appointment) to represent him, the Magistrate Judge advised this Court to deny relief. Doc. # 41. This Court agreed, noting that McCloud had filed no R&R Objection. Doc. ## 43, 44.

McCloud now appeals that judgment, doc. # 47 (his NOA),[1] and claims that he never received a copy of the R&R, so he also moves to set the R&R-adoption-judgment aside. Doc. # 49. He also seeks a free evidentiary hearing transcript. Doc. # 50. The Government does *not* oppose either request. Doc. # 53. It has filed no response to motion # 50, and in response to McCloud's set-aside motion, Government counsel explains that

> [i]n a conversation with undersigned counsel, attorney Joel Williams, who was appointed to represent McCloud at the evidentiary hearing in his §2255 proceeding, disputed McCloud's assertion that he asked Williams to file objections to the R&R. [*See* CV Doc 27-Pg 2] Williams stated that he and McCloud never discussed filing R&R objections. In any event, Williams said that he had not seen the R&R until the Court's Order adopting same and judgment arrived. Williams, a real estate practitioner, is unsure when the R&R arrived at his office, and very candidly admitted that one of his paralegals could have not realized the significance of the document and placed it in the file without showing it to him. Given counsel's conversation with Williams and Williams' concern for his client, the government has no objection to McCloud's current motion seeking to file *pro se* objections to the R&R.

Doc. # 53 at 2.

McCloud, however, fails to even hint at what he would have objected to, and is otherwise not

---

[1] He thus also impliedly moves for a Certificate of Appealability (COA). *See Edwards v. U.S.*, 114 F.3d 1083, 1084 (11th Cir. 1997) (NOA is treated as implied COA application). The Court will also treat his NOA as an implied motion for leave to proceed *in forma pauperis* (IFP). To obtain a COA, a § 2255 movant must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but *also* that there is a substantial issue about the correctness of the procedural ground on which the petition was denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A "substantial question" about a procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason. 28 U.S.C.A. § 2253(c)(2); *Gordon v. Sec'y Dep't of Corr.*, 479 F.3d 1299, 1300 (11th Cir. 2007). To qualify for IFP status, he need not show he will prevail on appeal, only "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). At bottom, McCloud must show that this Court erred and that it did so in a way that prejudices his substantial rights within the meaning of F.R.Civ.P. 61.

constitutionally entitled to competent counsel on collateral review. The Court thus denies his set-aside motion. If a habeas litigant can lose his *life* due to attorney malpractice,[2] then he can lose his *liberty*, too. *See Lawrence v. Florida*, 549 U.S. 327, (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel. *E.g., Coleman v. Thompson*, 501 U.S. 722, 756-757, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)"), *cited in* FEDERAL HABEAS MANUAL § 9A:86 (Aug. 2008).

McCloud also fails to show F.R.Civ.P. 61-level prejudice to any claimed errors committed in reaching the judgment denying his § 2255 motion. Hence, the Court denies his transcript and implied COA/IFP motions, too.

To summarize: The Court *DENIES* defendant Glenn McCloud's Motion to Set Aside judgment, doc. # 49, Motion for production of evidentiary hearing transcript at Government's expense, doc. # 50, and implied COA/IFP motions. Doc. # 47.

This  12  day of November, 2008.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] *Coleman v. Thompson*, 501 U.S. 722, 752-57 (1991) (condemned prisoner pursuing State habeas relief waived right to federal review, and thus could be executed, after his State habeas counsel negligently missed, by 3 days, deadline for appealing denial of State habeas petition); *id.* at 754 (applying Rest. Agency 2d § 242 (1958) ("master is subject to liability for harm caused by negligent conduct of servant within the scope of his employment").