UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**UNITED STATES**

v. 405CR018
407CV153

**GLENN MCCLOUD**

## ORDER

In 2005, this Court sentenced defendant Glenn McCloud to 240 months following his plea of guilt to violating 21 U.S.C. § 841. 405CR018, doc. # 5 at 1-2. McCloud then unsuccessfully appealed this Court's sentencing rulings. Doc. ## 7, 27. Later, he moved this Court for 28 U.S.C. § 2255 relief. Doc. # 30. In a comprehensive Report and Recommendation (R&R) following an evidentiary hearing where attorney Joel Williams appeared (per appointment) to represent him, the Magistrate Judge advised this Court to deny relief. Doc. # 41. This Court agreed, noting that McCloud had filed no R&R Objection. Doc. ## 43, 44.

McCloud appealed that judgment, doc. # 47 (his NOA), and claimed that he never received a copy of the R&R, so he also moved to set the R&R-adoption-judgment aside. Doc. # 49. The Court denied relief, as well as his request for a free transcript. Doc. # 54; *U.S. v. McCloud*, 2008 WL 4891181 (S.D.Ga.11/12/08) (unpublished). Importantly, the Government did not oppose McCloud's set-aside motion. Government counsel explained that

> [i]n a conversation with undersigned counsel, attorney Joel Williams, who was appointed to represent McCloud at the evidentiary hearing in his § 2255 proceeding, disputed McCloud's assertion that he asked Williams to file objections to the R&R. [*See* CV Doc 27-Pg 2] Williams stated that he and McCloud never discussed filing R&R objections. In any event, Williams said that he had not seen the R&R until the Court's Order adopting same and judgment arrived. Williams, a real estate practitioner, is unsure when the R&R arrived at his office, and very candidly admitted that one of his paralegals could have not realized the significance of the document and placed it in the file without showing it to him. Given counsel's conversation with Williams and Williams' concern for his client, the government has no objection to McCloud's current motion seeking to file *pro se* objections to the R&R.

Doc. # 53 at 2.

The docket confirms that McCloud was never personally served with the R&R but his attorney, Joel Williams, was. 407CV153, doc. # 18 ("Notice has been delivered via US Postal Service to: Joel E. Williams , Jr; 3235 Satellite Blvd.; Bldg. 400 Suite 300; Duluth, GA 30096"); *see also id.* doc. # 19 (Order directing R&R's service); # 20 (Order adopting R&R).

At the time this Court denied McCloud's set-aside motion, McCloud had failed to show what he would have objected to in the R&R and how he was prejudiced. As no Order released Williams from representing McCloud, Williams had a duty to inform his client.[1] 405CR018,

---

[1] The appointment Order, doc. # 11, did not limit his representation and, despite the existence of a civil docket (that's simply for statistical reporting purposes), a § 2255 motion is simply a *motion* in a *criminal* case. That means that the Court appointed Williams to represent McCloud in *this* criminal case and thus 11th Cir. R. 46-10(c) (one does not withdraw without permission) applies. *See also* Ga. Bar Code R. 1.3 (Diligence) Comment [3] ("Unless the relationship is terminated as provided in Rule 1.16: Declining or Terminating Representation, a lawyer should carry through to conclusion all matters undertaken for a client. If a lawyer's employment is limited to a specific matter, the relationship terminates when the matter has been resolved. If a lawyer has served

doc. # 54. Thus, the Court assumed that, by the time McCloud filed his set-aside motion, he had received a copy of the R&R. That was an erroneous assumption, says McCloud, who moves for reconsideration on that basis.[2] Doc. # 61. Upon review of the record, which is now spread over a civil and a criminal docket, the Court is *inclined* to agree.

However, the Court erred in entertaining McCloud's motions in the first place. Williams, who has since been compensated under the Criminal Justice Act (18 U.S.C. § 3006A), 407CV153, doc. # 32,[3] has never been formally released from representing McCloud, and hybrid representation is not permitted. *See Mitchell v. Senkowski*, 489 F.Supp.2d 147, 148-49 (N.D.N.Y. 2006) (denying *pro se* civil rights plaintiff's F.R.Civ.P. 60(b) motion, following adoption of R&R, because plaintiff was still represented by counsel and court did not permit hybrid representation), *cited in Totten v. Meadows*, 2007 WL 1129082 at * 3 (S.D.Ga. 4/16/07) (unpublished); *U.S. v. DiPietro*, 2007 WL 3130553 at * 1 (S.D.N.Y. 10/17/07) (unpublished) ("Pursuant to its docket-managing authority, a district court may reject purported pro se motions filed by a represented defendant").

McCloud is bound by his lawyer's omissions.[4] While it is true that the failure to timely file necessary paperwork for a criminal defendant's *direct* appeal warrants relief (because a constitutional right is implicated), *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985); *U.S. v. Smith*, 2008 WL 4951657 at * 4 (4th Cir. 11/19/08) (unpublished), the opposite is true where an attorney fails his client at the collateral relief (such as here) stage.[5] Hence, no good grounds authorize "Rule 59(e)-level" relief.

As an aside, while McCloud claims he never

---

a client over a substantial period in a variety of matters, the client sometimes may assume that the lawyer will serve on a continuing basis. Doubt about whether a client-lawyer relationship still exists should be clarified by the lawyer, preferably in writing, so that the client will not mistakenly suppose the lawyer is looking after the client's affairs when the lawyer has ceased to do so. For example, if a lawyer has handled a judicial or administrative proceeding that produced a result adverse to the client but has not been specifically instructed concerning pursuit of an appeal, the lawyer should advise the client of the possibility of appeal before relinquishing responsibility for the matter"), found at http://www.gabar.org/handbook/part_iv_after_january_1_2001_-_georgia_rules_of_professional_conduct/rule_13_diligence/ (site as of 12/1/08).

[2] Movants like McCloud are permitted to invoke F.R.Civ.P. 59(e) or F.R.Civ.P. 60(b) to remedy defects in the actual § 2255 proceeding but not relitigate substantive claims. *See, e.g., Hunt v. U.S.*, 287 Fed.Appx. 828, 829 (11th Cir. 2008) (District court erred in construing defendant's motion for relief from judgment as an impermissibly successive motion to vacate, set aside, or correct sentence; defendant's motion sought to remedy defects in the integrity of the hearing on his motion to vacate, set aside, or correct sentence, rather than to address the merits of that motion).

[3] The Court hereafter will cite only to the civil docket.

[4] Lawyers who abandon clients face Bar sanctions. *See, e.g., In re Meyer*, 277 Ga. 192, 192 (2003); *see also* 7 AM.JUR.2D ATTORNEYS AT LAW § 68 (Sept. 2008) ("Among the factors which have significant weight in the decision to discipline an attorney for neglecting the interests of clients are .. ignoring a client's request for information as to the status of his or her litigation ... failing to diligently pursue a client's criminal appeal").

[5] *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007); *Coleman v. Thompson*, 501 U.S. 722, 752, (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings") (cites omitted); *U.S. v. McGee*, 177 Fed.Appx. 550, 551 (9th Cir. 2006) (Defendant had no constitutional right to counsel in his motion to vacate, set aside, or correct sentence and thus could not have received ineffective assistance).

got the R&R, in fact he knew about it because he timely appealed. Doc. # 23. And, even though the Clerk served only Williams with this Court's Order denying McCloud's set-aside motion, doc. # 36, McCloud's reconsideration motion (doc. # 46) is based on it, strongly suggesting that he received that too.[6] *See also* doc. # 47 (the Government "defers to the Court" on this particular motion).

Williams, meanwhile, automatically continues as McCloud's counsel under the Eleventh Circuit's "in for a dime, in for a dollar rule." *See* 11th Cir. R. 46-10(c) ("(c) Relieving Court Appointed Counsel on Appeal. Counsel appointed by the trial court shall not be relieved on appeal except in the event of incompatibility between attorney and client or other serious circumstances") (Aug. 2008).

The Court therefore ***DENIES*** defendant Glenn McCloud's Motion For Reconsideration. Doc. # 46. The Court also will not act on any further filings by McCloud, only his counsel. McCloud, of course, is free to terminate his attorney at any time so that the Court may then act on his *pro se* filings.

This __1__ day of December, 2008.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[6] Inexplicably, however, the Clerk served *both* Williams *and* McCloud with a copy of this Court's 11/19/08 Order, doc. # 42.