UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GLEN MCCLOUD,

Petitioner,

v.                4:07-cv-153

UNITED STATES OF AMERICA,

Respondent.

## ORDER

### I. INTRODUCTION

This matter is before the Court on Petitioner Glen McCloud's ("Petitioner") "Motion for Relief from Judgement [sic] Denying Habeas Corpus Relief Pursuant to Fed. R. Civl.P 60(B) (4,6)." *See* Doc. 56. In the Motion, Petitioner seeks relief from this Court's Order denying his 28 U.S.C. § 2255 petition. *See id.* at 1 (requesting that the Court "grant [Petitioner] relief from Judgment denying Habeas Relief").

The Court denied Petitioner's habeas petition on August 18, 2008. *See* Doc. 20. Petitioner filed a Motion to Set Aside the Judgment challenging this denial, which the Court denied. *See* Docs. 27 and 36. He then filed a Motion for Reconsideration of the order denying his Motion to Set Aside Judgment, which the Court likewise denied. *See* Docs. 46 and 49. Petitioner then appealed to the Eleventh Circuit, which denied his appeal on February 19, 2009. *See* Doc. 54. Eighteen months later, Petitioner filed this Rule 60(b) Motion. *See* Doc. 56.

At the outset, the Court notes that the Order denying Petitioner's Motion for Reconsideration was based, in part, on the fact that Petitioner filed the motion *pro se*, but was technically represented by counsel. *See* Doc. 49 at 2-3 (noting that Petitioner's counsel had never been released from representation, and that "hybrid representation is not permitted"). The record still does not reflect that Petitioner's counsel has been terminated; however, as explained below, even if Petitioner is properly proceeding without counsel, this Motion must be denied.

### II. ANALYSIS

Under Rule 60(b), the Court may grant a party relief from a judgment or order on the basis that "the judgment is void" or for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(4), (6). *See also Griffin v. Swim-Tech, Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) ("Motions under the rule are directed to the sound discretion of the district court.").

Here, Respondent argues that Petitioner's Motion should be denied as untimely. *See* Doc. 58 at 4-5; FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time"). Petitioner has offered no explanation for the delayed filing.

#### A. Rule 60(b)(4) Inapplicable

Motions under Rule 60(b)(4) are not subject to the "reasonable time" limitation of Rule 60(c). *See Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130-31) (11th Cir. 1994) ("[T]he time within which a Rule 60(b)(4) motion may be brought is not constrained by reasonableness"); *Marmol v. United States*, 2008 WL 1995035, at *2

(S.D. Fla. May 8, 2008) ("Relief from a void judgment can be sought at any time.").

The Court concludes, however, that Rule 60(b)(4) is inapplicable. A judgment is generally void "under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (citations omitted).

Petitioner alleges that this Court's judgment is void as inconsistent with the due process of law. *See* Doc. 56 at 4 (stating that his attorney's "ineffective assistance prejudiced and deprived [Petitioner] of his due process right[s]."). Specifically, Petitioner complains that his counsel:

(1) failed to object to the magistrate judge's report and recommendation to deny his habeas petition ("R&R");

(2) failed to advise him that the R&R had been filed;

(3) failed to keep him apprised of any developments on his habeas petition;

(4) failed to forward a copy of the transcript from the evidentiary hearing;

(5) failed to forward a copy of the R&R; and

(6) failed to file a Notice of Appeal.

*See* Doc. 56 at 4.

These arguments are all essentially claims for ineffective assistance of counsel during the post-judgment stage of his habeas proceedings. As this Court has previously advised Petitioner, he was not constitutionally entitled to habeas representation; thus, his due process rights are not implicated here. *See* Doc. 36 at 1-2 (noting that Petitioner is not "constitutionally entitled to competent counsel on collateral review"). *See also Hooks v. Wainwright*, 775 F.2d 1433, 1437 (11th Cir. 1985) ("[T]here is no automatic constitutional right to representation in a federal habeas corpus proceeding.") (citing *Johnson v. Avery*, 393 U.S. 483, 488 (1968)).

Because Petitioner has not identified any part of the judicial process that is inconsistent with due process of law, he has failed to establish grounds for challenging the denial of his 2255 motion under Rule 60(b)(4).

### B. Petitioner is Not Entitled to Relief under Rule 60(b)(6)

Petitioner also argues that he is entitled to relief under Rule 60(b)(6). The Court disagrees. As noted above, Rule 60(b)(6) authorizes the Court to grant Petitioner's motion on the basis of "any other reason that justifies relief." In order to avail himself of such relief, Petitioner was required to file his Rule 60(b)(6) Motion within a reasonable time after entry of this Court's Order denying his 2255 Motion. *See* Rule 60(c)(1) (Motions under Rule 60(b)(6) "must be made within a reasonable time . . . after the entry of the judgment or order."); *Ramsey v. Walker*, 304 F. App'x 827, 828 (11th Cir. 2008).

"A determination of what constitutes a reasonable time depends on the facts in an

individual case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay." *Ramsey*, 304 F. App'x at 828 (citing *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)). Here, Petitioner's argument is based on a case that was decide by the Supreme Court only six weeks before he filed this Motion. The Court finds that six weeks is not an unreasonable delay.

In order to obtain relief under Rule 60(b)(6), however, Petitioner must show "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (quotations omitted).

Petitioner argues that his Motion should be granted under Rule 60(b)(6) due to an intervening change in law following the Supreme Court's decision in *Holland v. Florida*, 130 S. Ct. 2549 (2010). *See* Doc. 56 at 6-7. An intervening change in law can constitute an extraordinary circumstance under Rule 60(b)(6). *See, e.g., Mock v. Bell Helicopter Textron, Inc.*, 373 F. App'x 989, 991 (11th Cir. 2010) (affirming the district court's decision to grant Rule 60(b)(6) motion based on an intervening change in the law). But "[a] change of law alone does not provide grounds for Rule 60(b)(6) relief." *Ramsey*, 304 F. App'x at 829. Petitioner "must persuade the court that the circumstances are sufficiently extraordinary to warrant relief." *Mock*, 373 F. App'x at 991.

The Supreme Court's analysis in *Holland* does not change the law of this case. In *Holland*, the Court held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." 130 S. Ct. at 2554. *See also* 28 U.S.C. § 2244(d)(1) (stating that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court").

Here, the equitable tolling of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is not at issue. The Supreme Court denied certiorari of the Eleventh Circuit's denial of Petitioner's appeal on October 10, 2006, and Petitioner filed a timely habeas petition on October 9, 2007. *See* Doc. 1 (executed on October 4, 2007); Doc. 7 at 7 (Respondent's brief in opposition to habeas petition, acknowledging that Petitioner's 2255 motion was timely).

Petitioner points to the *Holland* Court's holding that "at least sometimes, professional misconduct that fails to meet the Eleventh Circuit's standard could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *See* Doc. 56 at 7 (citing *Holland*, 130 S. Ct. at 2563). Because Petitioner does not need the protections of equitable tolling here, *Holland* does not represent an intervening change in the law of his case.

3

Petitioner's "Motion for Relief from Judgement [sic] Denying Habeas Corpus Relief Pursuant to Fed. R. Civl.P 60(B)(4,6)" is, therefore, ***DENIED***.

This 3rd day of January 2011.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA